### Watson v. Sugg, et al.

(Decided March 6, 1925.)

### Appeal from Webster Circuit Court.

Sales—Evidence Held to Sustain Finding as to Mismanagement and Inexperienced Handling of Tractor by Purchaser's Agents.— In action by purchaser of tractor for breach of warranty, evidence held to sustain finding that failure of tractor to operate satisfactorily was due to inexperience and negligent handling thereof by plaintiff's agents.

BOURLAND & BLACKWELL for appellant.

RAYBURN & WITHERS for appellees.

OPINION OF THE COURT BY TURNER, COMMISSIONER— Affirming.

In October, 1921, appellant bought from appellees a Fordson tractor and disc for the purchase price of which

($813.00) he executed to them his promissory note, due in five months.

Appellees assigned the note for value before its maturity to another, and accordingly appellant paid the same to the holder.

Thereafter he filed this action at law against the sellers of the machinery, asserting against them two causes of action The first is that at the time of the sale and the execution of his note it was understood and agreed between the parties that he should pay for the tractor and disc only the regular retail price for same which should be effective on the first of March, 1922, if the retail price for same should at that time be less than the amount of his note; he then alleges that on the first of March, 1922, the retail price of the two pieces of machinery was $280.00 less.

His second cause of action is that defendants guaranteed the tractor was free from defects, and would properly and satisfactorily do and perform the work which plaintiff had for it to do, and that defendants agreed to make all necessary repairs and adjustments on the tractor for one year from the date of sale, and keep the same in condition to properly perform its work; he then alleges that the tractor was defective and of no benefit to the plaintiff whatsoever, and absolutely worthless, and that neither he nor his employees, nor the agents of the defendants, were able to make the same operate in a satisfactory manner, and prays judgment for $813.00, with interest.

The answer was a denial of the essential averments in both of the causes of action asserted, and affirmatively alleges that the only guaranty made to plaintiff was that the tractor and disc were free from defects in material or workmanship. It is further alleged affirmatively that if the tractor failed in any way to perform the work for which it was intended, that such failure was not due to any defect in the tractor at the time it was purchased, but was due to the improper handling and management of the same by the plaintiff and his agents, and to their negligence.

The issues were made up, and upon a trial the jury returned a verdict for the defendants upon which judgment was entered, and this appeal results.

The evidence was sharply conflicting on all the issues. The plaintiff's own evidence tended to establish both the

agreement as to the reduction in price the March following the purchase, and likewise that the tractor never worked satisfactorily for more than a short time upon any occasion; but he does admit in substance that upon the several occasions—possibly twelve in all—when the agents of defendants would go and remedy some defect in management or control of the same that it would then work for them, but that his own employees were never able to make it work satisfactorily for any great length of time. He admitted that all of his employees, except one, who had undertaken to operate the tractor, were inexperienced, and that one's experience had been confined chiefly to the operation of automobiles. The evidence of his employees tended in many respects to corroborate his statements.

The evidence for the defendants, however, not only completely refuted the agreement as to the reduction in price, but explicitly denied any guaranty that the same should operate to the satisfaction of appellant. It likewise tended to show that the management and control of the tractor by appellant's agents and employees evidenced ignorance and inexperience, and that when defendant's agents went and corrected defects in management and control that the same operated as it was expected to do.

There is some complaint of the language of one of the instructions, and while that instruction is not carefully or accurately worded, it does submit the real issue between the parties as to the nature or extent of the guaranty made or claimed to have been made.

There were really only issues of fact, and there was evidence from which the jury might well have believed that the failure of the tractor to operate satisfactorily at all times was due to either the inexperience, mismanagement or negligence of plaintiff's agents.

Judgment affirmed.